O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN J. TUCCERI, JR.,               )  NO. ED CV 06-1360-E
                                    )
                  Plaintiff,        )
                                    )
        v.                          )  **MEMORANDUM OPINION**
                                    )
MICHAEL J. ASTRUE,[1] COMMISSIONER  )  **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,  )
                                    )
                  Defendant.        )
_____)

        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                          **PROCEEDINGS**


        Plaintiff filed a complaint on December 8, 2006, seeking

review of the Commissioner's denial of benefits.  The parties filed a

consent to proceed before a United States Magistrate Judge on

_____

        [1]   Michael J. Astrue is substituted as Commissioner of
Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

1  January 29, 2007.

2

3        Plaintiff filed a motion for summary judgment ("Pl.'s Mot.")

4  on May 7, 2007.  Defendant filed a cross-motion ("Def.'s Mot.") for

5  summary judgment on June 4, 2007.  The Court has taken the motions

6  under submission without oral argument.  See Fed. R. Civ. P. 78; L.R.

7  7-15; "Order," filed December 13, 2006.

8

9              **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

10

11       On or around April 4, 2000, Plaintiff filed an application for

12  disability insurance benefits (Administrative Record ("A.R.") 54-56).

13  Plaintiff asserts disability based on, inter alia, an alleged

14  breathing disorder, cardiac disorder, high blood pressure, dizziness,

15  diarrhea and fatigue (A.R. 63).  Plaintiff alleges he became disabled

16  as of March 1, 1991 (A.R. 54-56).  Plaintiff's last insured date was

17  December 31, 1997 (A.R. 72, 424).[2]

18

19       The Social Security Administration denied Plaintiff's

20  application initially and upon reconsideration (A.R. 32-37, 40-43).

21  Plaintiff requested a hearing, which was held before an

22

23  _____

24        [2]   In order for Plaintiff to be eligible for disability
    benefits, Plaintiff must establish that he became disabled prior to
25  the expiration of his insured status.  See 42 U.S.C. §
    416(i)(2)(C), 416(i)(3)(A); 20 C.F.R. 404.131; see also Vertigan v.
26  Halter, 260 F.3d 1044, 1047 (9th Cir. 2001); Flaten v. Secretary of
    Health and Human Services, 44 F.3d 1453, 1458 (9th Cir. 1995)
27  (where claimants apply for benefits after the expiration of their
    insured status based on a current disability, the claimants "must
28  show that the current disability has existed continuously since
    some time on or before the date their insured status lapsed").

2

Administrative Law Judge ("ALJ") on August 29, 2002 (A.R. 44, 375-420).  The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity subsequent to the alleged onset date; and (2) suffered from atrial fibrillation, obstructive sleep apnea and diarrhea, which were "severe," but did not meet or equal any listed impairment (A.R. 17).  The ALJ denied benefits, finding that Plaintiff retained the residual functional capacity to perform his past relevant work as a car sales manager (A.R. 19 (adopting medical expert testimony at A.R. 409, and vocational expert testimony at A.R. 415-46)).  In finding Plaintiff not disabled, the ALJ did not mention a June 29, 2000 opinion by treating physician, Dr. Gary Marias, which stated: "Pt has been disabled since 1997 due to atrial fibrillation, shortness of breath, and fatigue."  See A.R. 201; see also A.R. 477 (discussing ALJ's failure to address Dr. Marias' opinion).  The Appeals Council denied review (A.R. 4-6, 9).

On October 20, 2004, Plaintiff filed a complaint with this Court, case number ED CV 04-1324-E, seeking review of the Commissioner's denial of benefits.  On the parties' cross-motions for summary judgment, the Court remanded the matter for further administrative action.  See June 27, 2005 Memorandum Opinion and Order of Remand at A.R. 476-82.  The Court found that the ALJ erred by: (1) failing to mention Dr. Marias' opinion; and (2) failing to recontact Dr. Marias to clarify whether "since 1997" meant "during and after 1997" or "after 1997" – a distinction meaningful to the ALJ's consideration of Dr. Marias' opinion, given Plaintiff's December 31, 1997 last insured date (A.R. 479).  In remanding for further investigation and/or explanation, the Court instructed: "the

Administration must recontact Dr. Marias concerning 'outstanding issues that must be resolved before a determination of disability can be made'" (A.R. 481, <u>citing</u> <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000)).  The Appeals Council subsequently vacated the Commissioner's final decision and remanded the case to an ALJ for "further proceedings consistent with the order of [the Court]" (A.R. 474).

On remand, the new ALJ did not recontact Dr. Marias as instructed.  Instead, the ALJ rejected Dr. Marias' June 29, 2000 opinion based on the unaugmented medical record (A.R. 427).  The ALJ reasoned that Dr. Marias' opinion assertedly was unsupported by objective medical tests, appeared to be based "largely" on Plaintiff's subjective complaints, and was generally inconsistent with the medical record and with Plaintiff's reported activities of daily living (A.R. 427-28).  The ALJ denied benefits, finding that Plaintiff: (1) had not engaged in substantial gainful activity subsequent to the alleged onset date (A.R. 426); (2) suffered from atrial fibrillation and sleep apnea, which were "severe," but did not meet or equal any listed impairment (<u>Id.</u>); (3) retained a residual functional capacity for a limited range of sedentary work (A.R. 426-

4

27);[3] (4) could not perform his past relevant work as a car salesman (A.R. 427); but (5) there were a significant number of jobs in the national economy that Plaintiff assertedly could perform in spite of

---

[3]      Specifically, the ALJ determined that Plaintiff has the residual functional capacity to: (1) lift and/or carry a maximum of 10 pounds; (2) sit for six hours in an 8-hour day; (3) stand and/or walk for two hours in an 8-hour day; (4) could occasionally climb, balance, stoop, kneel, crouch and crawl; but (5) is precluded from working at unprotected heights, around dangerous machinery, or in an environment with industrial pollutants (A.R. 426-27). Additionally, the ALJ found that Plaintiff requires low-stress work (i.e., work which does not require Plaintiff to respond to repeated requests for information from the public or fellow employees, but which does not preclude all contact with either group), and that Plaintiff cannot work in management or in a job requiring production/quota work (Id.).

It is unclear from where the ALJ derived this residual functional capacity determination. No treating source provided an assessment of Plaintiff's limitations, and the consultative examiners asked to evaluate Plaintiff's case noted there was insufficient evidence in the medical record from which to determine Plaintiff's physical condition (A.R. 119-20, 131-32). Moreover, the medical expert who testified at Plaintiff's first administrative hearing testified that Plaintiff could do light work in an environment that would accommodate frequent trips to the bathroom and that would not involve sun exposure for more than a short period of time (A.R. 409).

Under these circumstances, more than the ALJ's unexplained conclusion is required to support his residual functional capacity determination. See, e.g., Browning v. Barnhart, 2003 WL 1831112 *7 (E.D. Tex. Feb. 27, 2003) (the Commissioner cannot rely on "raw medical evidence as substantial support for [the ALJ's] residual functional capacity assessment" where no medical opinion and no vocational evidence supports the ALJ's assessment); 20 C.F.R. §§ 404.1513, 416.913 stating ("[w]e need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s)" and listing acceptable medical sources); 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s)."). On remand, the Administration should develop and/or clarify the record concerning Plaintiff's residual functional capacity.

1   his limitations (A.R. 429 (adopting vocational expert testimony at

2   A.R. 559-60)).

3

4       The ALJ's decision became final 60 days after the Appeals

5   Council failed to review the decision on its own motion.  Plaintiff

6   then commenced this action to review the decision under 42 U.S.C.

7   section 405(g).

8

9                        **STANDARD OF REVIEW**

10

11      Under 42 U.S.C. section 405(g), this Court reviews the

12  Commissioner's decision to determine if: (1) the Commissioner's

13  findings are supported by substantial evidence; and (2) the

14  Commissioner used proper legal standards.  See Swanson v. Secretary,

15  763 F.2d 1061, 1064 (9th Cir. 1985).

16

17                          **DISCUSSION**

18

19      Plaintiff argues, inter alia, that the ALJ erred on remand by

20  failing properly to consider the medical evidence of record including

21  Dr. Marias' opinion (Pl.'s Mot., pp. 4-6).  While Plaintiff does not

22  expressly challenge the ALJ's development of the record concerning

23  Dr. Marias' opinion, the Court notes that the ALJ did not recontact

24  Dr. Marias as ordered.  The failure to adhere to a court's remand

25  order in subsequent administrative proceedings "is itself legal

26  error, subject to reversal on further judicial review."  Sullivan v.

27  Hudson, 490 U.S. 877, 885-86 (1989); see also Thompson v. Barnhart,

28  2006 WL 709795 *11-12 (E.D. Pa. Mar. 15, 2006) (finding ALJ committed

legal error by not following Appeals Council remand order); <u>Tauber v.</u>
<u>Barnhart</u>, 438 F. Supp. 2d 1366, 1375-76 (N.D. Ga. 2006) (same); 20
C.F.R. § 404.977(b) (providing that on remand an ALJ "shall take any
action that is ordered by the Appeals Council and may take additional
action that is not inconsistent with the Appeals Council's remand
order").  The ALJ should have recontacted Dr. Marias as ordered.

Plaintiff also argues that the ALJ erred in failing to
consider the impact of Plaintiff's obvious obesity on Plaintiff's
asserted impairments in alleged violation of Social Security Ruling
("SSR") 02-1p.  <u>See</u> Pl.'s Mot., pp. 2-3.  Plaintiff argues that "in a
case such as this where the Plaintiff has well[-]documented
impairments such as sleep apnea and atrial fibrillation, obesity
could clearly contribute to the Plaintiff's level of fatigue as
alleged throughout the record." <u>Id.</u> at p. 3; <u>see also</u> SSR 02-1p
(discussing how obesity affects physical and mental health and
listing heart disease and sleep apnea-related impairments).

Social Security Ruling 02-1p provides that the Administration
should consider "the effect obesity has upon the individual's ability
to perform routine movement and necessary physical activity within
the work environment. . . .  The combined effects of obesity with
other impairments may be greater than might be expected with obesity.
. . . <u>[W]e will explain how we reached our conclusions on whether</u>
<u>obesity caused any physical or mental limitations</u>." (emphasis added).[4]

---

    [4]    Social Security rulings are binding on the
Administration.  <u>See</u> <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 n. 1
(9th Cir. 1990).

1  In this case, the ALJ failed to discharge the Administration's

2  responsibilities under SSR 02-1p.  The record disclosed Plaintiff's

3  manifest obesity, but the ALJ's decision failed to reflect any

4  specific consideration of this obesity.[5]  If the ALJ did not consider

5  Plaintiff's obesity, the ALJ erred.  If the ALJ did consider

6  Plaintiff's obesity, and concluded this obesity did not cause

7  Plaintiff any limitation, the ALJ erred by failing to "explain how

8  [he] reached [his] conclusions."  SSR 02-1p; see Celaya v. Halter,

9  332 F.3d 1177, 1182 (9th Cir. 2003); see also Burch v. Barnhart,

10  400 F.3d 676, 683 (9th Cir. 2005) ("the ALJ should explain how he

11  determined whether obesity caused any physical or mental

12  impairments").  The Court lacks sufficient information to determine

13  whether the ALJ's error was harmless.  See, e.g., Morris v. Barnhart,

14  2004 WL 1238397 *4 (E.D. Pa. May 10, 2004) ("As the ALJ did not

15  provide an explanation in her report as to whether Plaintiff's

16  obesity was considered, the Magistrate Judge could not make a factual

17  finding that the Plaintiff's obesity did not have an impact").

18

19      Defendant argues that because Plaintiff did not list obesity

20  as a disabling impairment or otherwise argue how obesity may have

21

22      [5]   The first ALJ decision described Plaintiff as able to
maintain "good nutritional status" despite his intermittent
23  diarrhea, noting that Plaintiff was 74 inches tall and weighed 265
pounds at the time of the first hearing (A.R. 18; see also A.R. 379
24  (Plaintiff testifying that his weight ranged from 250 to 265
pounds)).  Plaintiff's disability report dated January 25, 2000,
25  notes a weight of 250 pounds (A.R. 62).  Medical records from the
relevant time period (i.e., after the alleged onset date and before
26  his date last insured) note weights of 240, 244, and 235 pounds,
respectively (A.R. 240, 245, 294).  Those weights yield a body mass
27  index ("BMI") ranging from 30.2 to 31.3.  Social Security Ruling
02-1p notes that a BMI of 30.0 or above reflects "obesity."
28  See SSR 02-1p.

1  exacerbated Plaintiff's condition, the ALJ need not have considered

2  Plaintiff's obesity.  <u>See</u> Def.'s Mot., pp. 3-4.  This argument is

3  without merit.  As noted above, the SSR 02-1p error involves a legal

4  issue predicated on facts already in the record, <u>i.e.</u>, Plaintiff's

5  evident obesity.  <u>See</u> <u>Jaroch v. Barnhart</u>, 2004 WL 1125050 *3 (N.D.

6  Cal. May 17, 2004) (where evidence of the plaintiff's obesity is

7  present in the record and the plaintiff testifies before the ALJ,

8  "plaintiff's condition should, as a matter of law, have been apparent

9  to the ALJ at the hearing.  Thus, plaintiff's obesity was implicitly

10  raised.") (citations omitted).  The ALJ should have considered

11  Plaintiff's obesity in making the ALJ's disability determination.

12

13      When a court reverses an administrative determination, "the

14  proper course, except in rare circumstances, is to remand to the

15  agency for additional investigation or explanation."  <u>INS v. Ventura</u>,

16  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

17  proper where, as here, additional administrative proceedings could

18  remedy the defects in the decision.  <u>McAllister v. Sullivan</u>, 888 F.2d

19  599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d

20  1496, 1497 (9th Cir. 1984).

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  October 11, 2007.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6]   The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's suggestion of reversal rather than remand is unpersuasive.